# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal Case Nos. 21-cr-00480-LKG; 22-cr-00391-LKG (Related 24-cv-00152) |
| BEHROUZ MOKHTARI, | ) ) | Dated: August 11, 2025 |
| Defendant/ Petitioner. | ) ) | |

### MEMORANDUM OPINION AND ORDER ON
### THE DEFENDANT'S PETITION FOR WRIT OF MANDAMUS

On May 9, 2025, Defendant/ Petitioner Behrouz Mokhtari filed a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1361 in the above-captioned criminal matters. ECF No. 111 (22-cr-391); ECF No. 150 (21-cr-00480). Mr. Mokhtari is currently serving two concurrent sentences of 33 months' imprisonment, after having been convicted of two counts of Conspiracy in violation of 18 U.S.C. § 371. ECF Nos. 18 and 109 (22-cr-391); ECF Nos. 55 and 148 (21-cr-00480). In the petition, Mr. Mokhtari argues that the Court lacked subject-matter jurisdiction to hear the conspiracy charges and to convict him of these charges. ECF Nos. 111 (22-cr-391) and 150 (21-cr-00480). For the reasons that follow, the Court **DENIES** Mr. Mokhtari's petition for writ of mandamus.

Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. 28 U.S.C. § 1361. Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances where the petitioner "ha[s] no other adequate means to attain the relief he desires." *Kerr v. United States Dist. Court*, 426 U.S. 394, 402-03 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003). In addition, mandamus relief is available only when the petitioner has a clear right to the relief sought. *In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988). In this regard, mandamus relief is not available to collaterally attack a conviction or substitute an appeal. *In re Lockheed Martin Corp*., 503 F.3d 351, 353 (4th Cir. 2007); *Kerr*, 426 U.S. at 403; *Moussaoui*, 333 F.3d at 517.

The Court will deny the petition for writ of mandamus, because mandamus relief is not available here. In the petition, Mr. Mokhtari argues that the Court lacked subject-matter jurisdiction to hear the conspiracy charges and to convict him of these charges. ECF Nos. 111 (22-cr-391) and 150 (21-cr-00480). But, Mr. Mokhtari may not seek a writ of mandamus to collaterally attack his conviction or as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d at 353; *Kerr*, 426 U.S. at 403; *Moussaoui*, 333 F.3d at 517. In addition, to the extent that Mr. Mokhtari seeks to assert an ineffective assistance of counsel claim and to vacate his sentence, pursuant to 28 U.S.C. § 2255, the Court has already considered, and denied, these claims. *See* ECF Nos. 75 and 76 (22-cr-391); ECF Nos. 115 and 116 (21-cr-00480).

And so, for the foregoing reasons, the Court **DENIES** Mr. Mokhtari's petition for writ of mandamus (ECF Nos. 111 (22-cr-391) and 150 (21-cr-00480)).

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

2